HOLDERBAUM, APPELLEE, *v.* WATKINS, SUPT., APPELLANT.

[Cite as Holderbaum v. Watkins
(1975), 42 Ohio St. 2d 372.]

(No. 74-541—Decided May 28, 1975.)

*Mr. William J. Brown,* attorney general, and *Mr. James M. Caulfield,* for appellant.

*Per Curiam.* R. C. 2945.39 provides that a release from confinement at Lima State Hospital, pursuant to a writ of habeas corpus, may be ''final or on such conditions as the court may impose in the interests of protecting the health, safety, or welfare of the defendant or the public.'' The Court of Appeals, finding appellee sane and not dangerous, granted him an unconditional release. This court will not disturb that factual determination.

Appellant construes the holding of the Court of Appeals as invalidating that portion of R. C. 2945.39 which makes possible a conditional release pursuant to a writ of habeas corpus. Because the Court of Appeals released appellee unconditionally, however, that court's further determination as to the underlying validity of R. C. 2945.39 was unnecessary to its conclusion.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

PAUL W. BROWN, J., concurring. The form in which this appeal reached the court prevents our consideration of two important issues. They are, first, whether R. C. 2945.-39's continuing presumption of insanity, of one found not guilty by reason of insanity, is constitutional; and second, whether a conditional release pursuant to a writ of habeas corpus is constitutional.

I

Appellee did not challenge that portion of R. C. 2945.-39 which provides for indefinite confinement because of a continuing presumption of insanity. Had such a contention been made, it is clear that this portion of the statute is unconstitutional.

In *Baxstrom* v. *Herold* (1966), 383 U. S. 107, the United States Supreme Court held that a petitioner was denied equal protection of the laws by a statutory procedure under which a person could be civilly committed at the expiration of his prison sentence without the jury review available to all other persons civilly committed in New York. The court stated, at page 111:

"* * * Classification of mentally ill persons * * * may be a reasonable distinction for purposes of determining the type of custodial or medical care to be given, but it has no relevance whatever in the context of the opportunity to show whether a person is mentally ill *at all.* * * *"

In *Bolton* v. *Harris* (C. A. D. C. 1968), 395 F. 2d 642, a case cited with approval by the Supreme Court in *Jackson* v. *Indiana* (1972), 406 U. S. 715, the Court of Appeals for the District of Columbia applied the *Baxstrom* rationale to a statute presuming that insanity continues after an acquittal by reason of insanity. The statute in that case is almost identical to R. C. 2945.39. The court held that a person who has been acquitted of a criminal charge by reason of insanity may be summarily committed for examination as to his present sanity; but ultimate commitment for any indefinite period requires that such person be afforded all of the procedural safeguards which are available to those who are civilly committed.

The court stated, at page 651:

"We agree * * * that commitment without a hearing is permissible for the period required to determine present mental condition. The jury's finding of a reasonable doubt as to defendant's sanity at the time of the offense provides sufficient warrant for further examination.

"The length of time required for such examination will vary, of course, with the individual case. It will be the responsibility of the court to establish this period, just as it now orders the hospital to make a determination and report its findings when the question of an accused's competency to stand trial is raised. The courts in this jurisdiction have sufficient experience with the problems involved to make individual judgments.

"Once the examination period is over, however, there is no rational basis for denying a hearing. It is true that persons acquitted by reason of insanity have committed criminal acts and that this fact may tend to show they meet the requirements for commitment, namely, illness *and* dangerousness. But it does not remove these requirements. Nor does it justify total abandonment of the procedures used in civil commitment proceedings to determine whether these same requirements have been satisfied. Hence persons found not guilty by reason of insanity must be given a judicial hearing with procedures substantially similar to those in civil commitment proceedings."

The following decisions, by the highest court in each state, are in accord:

*People* v. *Lally* (1966), 19 N. Y. 2d 27, 224 N. E. 2d 87; *Wilson* v. *State* (Ind. 1972), 287 N. E. 2d 875; *State* v. *Clemons* (1973), 110 Ariz. 79, 515 P. 2d 324; *State, ex rel. Kovach,* v. *Schubert* (1974), 64 Wis. 2d 612, 219 N. W. 2d 341; and *People* v. *McQuillan* (1974), 392 Mich. 511, 221 N. W. 2d 569.

## II

The constitutionality of a conditional release pursuant to a writ of habeas corpus would properly be raised in this court if the Court of Appeals had released appellee con-

ditionally, and he then challenged the imposition of conditions.

If, in a future case, this court holds the continuing presumption of insanity portion of R. C. 2945.39 unconstitutional, a person found sane would be entitled to release regardless of the provision for relief by way of habeas corpus.

Should new legislation contain a provision for conditional release pursuant to a writ of habeas corpus, I see no reason why it would be unconstitutional. In fact, judicial discretion in ordering such a release has been upheld. See *Robertson* v. *Cameron* (D. C. 1963), 224 F. Supp. 60; *United States* v. *Ecker* (C. A. D. C. 1973), 479 F. 2d 1206; *State* v. *Carter* (1974), 64 N. J. 382, 316 A. 2d 449; 27 Rutgers L. Rev. 172, fn. 89, 90.

CORRIGAN, J., concurs in the foregoing concurring opinion.